UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 CR 350-1 |
| | ) | |
| SHAUNA CRAWFORD, | ) | Judge Jeffrey Cole |
| Defendant. | ) | |

**DEFENDANT SHAUNA CRAWFORD'S SENTENCING MEMORANDUM**

Now comes Defendant **SHAUNA CRAWFORD**, by and through her attorney **PATRICK E. BOYLE**, and files with this Honorable Court, Shauna Crawford's Sentencing Memorandum.

I. Sentencing Post-Booker

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court made the Sentencing Guidelines effectively advisory.  As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges, . . . , but it permits the court to tailor the sentence in light of other statutory concerns as well . . ." Booker, 125 S. Ct. At 756-57. The Guidelines calculations are to be treated "as just one of a number of sentencing factors." United States v. Ranum, 353 F.Supp.2d 984, 985-87 (E.D.Wis.2005).  The Ranum court rejected the notion that the Guidelines must be afforded heavy weight and concluded that "courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the Section 3553(a) factors." Ranum, 353 F.Supp.2d at 987-89. The Section 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the

defendant;

    (2) the need for the sentence imposed -
        (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (b) to afford adequate deterrence to criminal conduct;
        (c) to protect the public from further crimes of the defendant; and
        (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the advisory guideline range;

    (5) any pertinent policy statements issued by the Sentencing Commission;

    (6) the need to avoid unwarranted sentence disparities, and

    (7) the need to provide restitution to any victims of the offense. 18 U.S.C. Section 3553(a).

Finally, and most importantly, Section 3553(a) directs the court, after considering these factors, to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" sub-section (a)(2). *Id*. This is the so-called "parsimony provision," which requires district courts to impose the minimum term required to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. *See, e.g.,* United States v. Cull, 446 F.Supp.2d 961, 963 (E.D. Wis. 2006); *see also* United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006) (stating that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker).

II. Nature of the Offense:

Shauna Crawford was charged in a one-count criminal information, No. 08 CR 350, with the misdemeanor offense of opening, without authority, a piece of mail, while she was employed

as a U.S. Postal Carrier, in violation of 18 U.S.C. Section 1703.  Ms. Crawford was employed as a part-time Rural Carrier Associate with the United States Postal Service and was assigned to the Wilmington Post Office in Wilmington, Illinois.  Part of her duties was to serve as a substitute for the regular mail carrier by delivering mail on Rural Route 8105.  Beginning in about April 2007 and continuing through January 2008, Ms. Crawford failed to deliver and began storing mail that she was supposed to deliver to the customers on her route.  This mail was mostly bulk mail, but it did include some first-class letters.  Without authority, Ms. Crawford did open some first-class letters.  There is no evidence or any allegation that Ms. Crawford took, kept, or destroyed any of the mail that she was responsible for.  Essentially, Ms. Crawford failed to deliver the mail and then stored it in her car and garage.

Significantly, Ms. Crawford recognized that she was failing in her responsibilities as a U.S. Postal Employee.  She contacted her supervisor, told him what she had done, and invited him to her home where she showed him the accumulated mail.  As stated in the P.S.R., Ms. Crawford explained that "she had been overwhelmed, as she was having marital problems and working two jobs at that time, and was trying to complete her job faster so that she could get home to care for her children." (P.S.R. at lines 51-53) Ms. Crawford has two young children, Kylie, age 3 and Logan, age 1.  When Ms. Crawford had to leave the house to work she left her children in the care of her husband Jeremy Crawford.  The Crawfords have subsequently separated and for various reasons, Shauna had become very uncomfortable leaving her children in Jeremy's care.  Consequently, Ms. Crawford was faced with a terrible dilemma whenever she was to leave the house to make her mail deliveries.  Should she have immediately notified her supervisor when she thought she was overwhelmed and could not make her deliveries?  Of course.  However, these actions or failures were not borne of maliciousness or greed but rather

depression and desperation. Because of the age and vulnerability of her children and the families' desperate need for the income from her job, Ms. Crawford was emotionally paralyzed which prevented her from doing her duties. To her credit, she brought the problem to the attention of her supervisor and has taken full responsibility for her mistakes.

### III. Characteristics of the Defendant --Who is Shauna Crawford?

Defendant Shauna Crawford is a 29-year-old woman who has lived her entire life in Illinois. Not surprisingly, Ms. Crawford's young children are the most important things in her life. The care and support of newborns is never easy, but it had been especially challenging for Shauna. As is noted in the PSR, Ms. Crawford lacked much of the family support that most take for granted. Her mother is described as cold and distant. (P.S.R. at 169-70) Her husband was not responsible and had substance abuse issues. (P.S.R. at 179-181, 211-214) All of this led to Shauna suffering from postpartum depression which she recognized and received successful treatment for. (P.S.R. at 201-210) Luckily, following this treatment and the separation from her husband, Shauna is doing much better, is stable and is no longer taking psycho-tropic medication. (P.S.R. at 214-218)

Shauna has always tried to be financially independent and to support her young family. She has been employed throughout her adult life but she is currently unemployed. Because she is on her own, and the sole caretaker of her young children, obtaining and maintaining a job will be difficult. Shauna recognized that she had failed in her duties as a carrier and she voluntarily signed a letter of resignation from the Postal Service.

Ms. Crawford aks this Court to review the Offender Characteristics section of the P.S.R., consider the letters of support that will be submitted, and to especially note her lack of criminal history.

IV. Guidelines Calculations

Therefore, Ms. Crawford asks this court to consider the evidence and the relevant law and conclude that his Advisory Sentencing Guideline calculation is as follows:

(1) Pursuant to Section 2B1.1(a)(2) the base offense level is 6. Pursuant to Section 2B1.1(b)(2)(c), as the amount of victims was at least 250, the offense level is increased by six levels. Pursuant to Section 3B1.3, because the offense involved an abuse of a position of public trust, the offense level is increased by two levels bring the total offense level to 14.

(2) Ms. Crawford has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the defendant continues to accept responsibility within the meaning of Section3E1.1, a 2 level reduction would be appropriate.

(3) Ms. Crawford has no prior criminal convictions and is consequently in criminal history of category I.

Consequently, the Defendant asks this Court to conclude that the appropriate offense level is 12 (with the 2 level off for acceptance of responsibility). A level 12 with a criminal history category of I results in an advisory guideline range of 10-16 months. This range is within Zone C of the sentencing grid, allowing a sentence of ½ prison and ½ community or home confinement. U.S.S.G. Section 5C1.1(d)(2). *See*, United States v. Reyes, 2007 WL 1795466 (E.D. Wis.) Ms. Crawford aks this Court to exercise its post-Booker discretion, to consider the factors set forth in 18 U.S.C. Section 3553(a) and impose a sentence that substitutes imprisonment for some form of home confinement and probation.

V. U.S.C. Section 3553(a) Factors and Mitigation

While recognizing the seriousness of the offense, Ms. Crawford asks this Court to

consider that her misconduct was not motivated by malice or greed but rather depression.  Ms. Crawford is not a violent or dangerous person.  Instead she is a young woman, who, for various reasons, some beyond her control, failed to preform her duties as a postal carrier.  Instead of attempting to obscure her failures or destroy evidence, Ms. Crawford recognized her failures, and took it upon herself to notify her supervisor.  She accepted full responsibility and has cooperated fully with the authorities.  She surrendered herself to the custody of the U.S. Marshall and has done her best while awaiting sentencing.  Ms. Crawford has no prior criminal history, is the mother of two young children who will be left in a very uncertain position if Shauna is imprisoned.

A sentence of some form of home confinement and probation will satisfy the mandate that the Court impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" sub-section 18 U.S.C. Section 3553(a).  Ms. Crawford has certainly learned the lesson of her misconduct and is not at danger of committing any future crimes.  Her misconduct was big news in her small community of Wilmington, Illinois and she has faced her neighbors and has apologized to as many as possible.  Ms. Crawford also voluntarily resigned from her position at the U.S. Postal Service.  From all of her actions it is clear that Ms. Crawford is genuinely remorseful and very sorry for her crime.  Consequently, the imprisonment of Shauna is not necessary to deter her or anyone else from committing similar crimes.  18 U.S.C. Section 3553(a)(2)(B).

Finally, Ms. Crawford has done her best to turn her life around.  She addressed her depression issues and received successful medical treatment.  She has separated from her husband and has tried to make a stable and safe home for her young children.  The P.S.R. notes

that the home is "nicely kept." (P.S.R. at 188) If Ms. Crawford is imprisoned, this newfound and hard-won stability will be destroyed. As stated in the court's sentencing memorandum in United States v. Reyes, 2007 WL 1795466 (E.D. Wis.), "in a case where prison was not necessary to protect the public or deter future offenses, imposition of a community-based sentence slightly below the range, which avoided subjecting these children to further stress, was appropriate." *See also*, United States v. Manasrah, 347 F.Supp.2d 634, 637 (E.D.Wis.2004)(citing United States v. Norton, 218 F.Supp.2d 1014, 1020 (E.D.Wis.2002)) (granting pre-Booker departure on this ground).

WHEREFORE, Defendant Shauna Crawford respectfully requests that this Court exercise its discretion, consider all of the relevant factors of 18 U.S.C. Section 3553(a), and sentence Ms. Crawford to a sentence combining a period of home confinement and probation and any other conditions that the Court finds appropriate.

Respectfully submitted,

**SHAUNA CRAWFORD,**

By:   s/ Patrick E. Boyle
      By her attorney Patrick E. Boyle


Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888

**CERTIFICATE OF SERVICE**

  The undersigned Attorney certifies that the attached Sentencing Memorandum was served on **Wednesday, August 6, 2008**, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                  By: s/ Patrick E. Boyle
                      PATRICK E. BOYLE

Law Offices of Patrick E. Boyle
**PATRICK E. BOYLE**
155 N. Michigan Ave., Suite 562
Chicago, IL 60601
(312) 565-2888